**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THE UNITED STATES OF AMERICA

               Plaintiff,                        CASE NO. 05-81155

v.                                            HONORABLE NANCY G. EDMUNDS

OTIS KNIGHT,

               Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS STATEMENT**

This matter came before the Court on Defendant's motion to suppress statements obtained during his transportation from Jackson County to Detroit on September 8, 2005. Defendant asserts his statements were obtained in violation of his Fifth and Sixth Amendment rights. The Government argues that there was no violation of the Fifth or Sixth Amendment. For the reasons stated below, the Court GRANTS Defendant's motion to suppress.

**I. Facts**

The following facts are set out in the Government's Response. Jackson Police responded to a call of a fight in the early morning hours of July 16, 2005. The responding officer noticed Defendant in a van along with three other females. As the responding officer approached, he heard the sound of metal hitting against the pavement under the van. When the officer looked under the vehicle, a handgun was found which was determined to have been stolen. Defendant was then arrested and made post-arrest statements to Jackson Police Officer Lewis Costley. After denying any involvement with the gun, Defendant requested to speak with a lawyer, and all questioning stopped. Defendant was charged with five felonies by the Jackson County

Prosecutor's office, including the State of Michigan's version of unlawful possession of a firearm by a convicted felon (MCL 750.224f(1)).  Defendant appeared in State court on July 18, 2005 represented by counsel David I. Goldstein, and was released on bond.

On September 8, 2005, pursuant to the Project Safe Neighborhoods Program, Defendant was arrested by federal authorities based on a criminal complaint charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Defendant waived his *Miranda* rights while being transported from Jackson County to Detroit and made statements to the arresting agents.  On December 22, 2005, Defendant was indicted on the § 922 (g)(1) violation.

Defendant moves to suppress his statements made to Jackson Police Detective and ATF Task Force Agent Gary Schuette, based on a violation of his Sixth Amendment right to counsel.[1]

**II. Analysis**

**A. Defendant's Sixth Amendment Right to Counsel**

Defendant contends that his Sixth Amendment rights were violated.  In particular, he argues that his constitutional right to an attorney attached at the first proceeding and, subsequent to the state charges, he should not have been questioned outside the presence of his attorney regarding the federal charges.  After the Sixth Amendment has attached, "government efforts to elicit information from the accused, including interrogation, represent 'critical stages' at which the Sixth Amendment applies." *Michigan v. Jackson,* 475 U.S. 625, 629 (1986).  It is also recognized that after the attachment of Sixth Amendment rights, any waiver of a defendant's right to counsel for any subsequent police-initiated interrogation is invalid.

---

[1] Defendant also argues a violation of his Fifth Amendment right because he had previously invoked his right to counsel following a *Miranda* warning.  This argument fails under the holding in *Kyger v. Carlton,* 146 F.3d 374 (6th Cir. 1998).

**B. Attachment of Rights**

The Sixth Amendment right to counsel is "offense specific." *McNeil v. Wisconsin,* 501 U.S. 171, 175 (1991). Under the concept of dual sovereignty, the state and federal governments may in some circumstances prosecute a person for the same incident without violating his constitutional rights. In the present case, the government argues that pursuant to the doctrine of dual sovereignty, the federal felon in possession law is not the same offense as that which the Defendant was charged in state court, therefore no Sixth Amendment violation took place. Defendant argues that his right to counsel did attach for both the state and federal offenses, and since he actually obtained counsel prior to the police-initiated interrogation on September 8, the statements received that day were wrongfully obtained.

Different circuits have applied the doctrine of dual sovereignty differently. In *United States v. Avants,* 278 F.3d 510 (5th Cir. 2002), the defendant was being prosecuted in state court for a murder that took place on federal land. Shortly before his state trial in 1967, he made incriminating statements to federal agents without his attorney present. He was later acquitted on the state murder charge. *Id*. at 512. Because the murder had occurred on federal land, the federal government brought murder charges against him in 2000. The government sought to introduce the 1967 incriminating statements, but they were suppressed by the trial court. It held that the federal agents had violated the defendant's Sixth Amendment rights when they obtained the incriminating statements absent the presence of counsel because the defendant was represented by counsel in the state action. *Id.* at 512. This decision was reversed on appeal. The Fifth Circuit Court of Appeals held that, "because the federal charge is a separate offense for purposes of the Sixth Amendment and because the federal murder charge was not pending until the year 2000, no Sixth Amendment right to counsel had attached as to the federal murder

charge." *Id.* at 518.  A similar outcome was reached in a case from the First Circuit.  In *United States v. Coker,* 433 F.3d 39 (1st Cir. 2005), the Court affirmed a decision denying a motion to suppress.  It reasoned that, because the defendant's conduct violated the laws of two separate sovereigns (federal and state), that conduct constituted two distinct offenses.  *Id.* at 43-44.  "The state and federal offenses in Coker's case were thus different offenses for Sixth Amendment purposes and Coker's right to counsel had not attached to the federal offense when he was interviewed by the federal agents." *Id.* at 47.

In contrast, the Second Circuit Court of Appeals has rejected the reasoning in *Avants.*  In *United States v. Mills,* 412 F.3d 325, (2nd Cir. 2005), it held that "[w]here, as here, the same conduct supports a federal or a state prosecution, a dual sovereignty exception would permit one sovereign to question a defendant whose right to counsel had attached to do so in the absence of counsel and then to share the information with the other sovereign without fear of suppression." *Id* at 330.

### C. No Dual Sovereign when Acting "As a Tool" for Another

Defendant relies on what is known as the *"Bartcus* exception" to the dual sovereignty doctrine.  *Bartcus v. Illinois,* 359 U.S. 121, 123-124 (1959).  In *Bartcus,* the Court held there is no dual sovereignty when one sovereign acts "as a tool" for the other.  Defendant argues that, because Officer Schuette was the active officer on both of the state and federal charges, the *Bartcus* exception to the dual sovereignty doctrine applies here and the attachment of the right to counsel carries over to the federal action.

In *United States v. Bowlson*, 240 F. Supp.2d 678 (E.D. Mich 2003), the Court was presented with a case where federal and state authorities that had charged the defendant with bank robbery charges were inexorably intertwined.  Federal officials asked the state officials if

they would drop the state charges in favor of a federal prosecution. In addition, an agent on the case testified that he was a member of a task force consisting of both state and federal officials. The agent was consistently involved in the investigation, even after the federal government took over the prosecution. At issue was the attachment of a Sixth Amendment right to counsel on a fifth robbery charge in state court and whether the defendant could subsequently be interrogated absent the presence of counsel in connection with the later-filed federal bank robbery charges. *Id*. at 682-83. The Court first determined that, because the defendant "was formally arraigned on the charge and requested an attorney" in the state criminal case, a Sixth Amendment right to counsel had attached. *Id.* at 682. The Court then held that the defendant's "purported waiver of the right to counsel on the fifth robbery charge [in connection with the federal criminal case] is invalid." *Id.* at 684. It rejected the government's argument that, because separate sovereigns were involved, the state and federal bank robbery charges could be considered separate offenses, and the attachment of the Sixth Amendment right to counsel in the state proceedings did not bind the federal authorities. *Id.* Rather, the fact that the "federal and state authorities investigations were inexorably intertwined," distinguished this case from *Avants*. *Id*. "In *Avants*, there was no indication that the state and federal governments cooperated in either the investigation or the prosecution." *Id.* The Court in *Bowlson* found that "[t]he dual nature of the investigation . . . invites abuse if this Court were to accept that federal authorities are never bound by the state's actions. . . . The Court is concerned that where the state authorities cannot obtain a conviction after exclusion of evidence due to a constitutional violation, they will forward the case to the federal authorities for prosecution, seeking to circumvent the constitutional right that was violated." *Id.* (footnote omitted). Even though there was no evidence that such circumvention had occurred in *Bowlson*, the Court reasoned that "a rule permitting such abuses would offend

the spirit of the constitutional rights at issue." *Id.* Accordingly, the Court suppressed the defendant's statements referring to the fifth bank robbery. *Id.* at 685.

The same reasoning and result apply here. Officer Schuette was instrumental in both the state and federal criminal cases. He is both an employee of the Jackson Police Department and a member of a federal task force. Prior to his interrogation of Defendant, Officer Schuette had spoken with his fellow Jackson officers about Defendant's case and had reviewed the relevant police reports which clearly indicated that Defendant had previously asserted his right to counsel. (*See* Officer Schuette's affidavit attached to the federal complaint filed one day before his interrogation of Defendant.) Thus, as in *Bowlson*, "[t]he dual nature of the investigation . . . invites abuse" and requires application of a rule that does not permit abuses that "would offend the spirit of the constitutional rights at issue." *Id.* at 684.

### III. Conclusion

For the reasons stated above, Defendant's motion to suppress is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 22, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager